This matter has come before us on rehearing. Our original opinion is to be found in 21 So.2d at page 396 and a reading of that opinion is necessary to a clear understanding of our present views. We stated that we felt that when the driver of defendant's bus, in an attempt to pass around an automobile which was proceeding in the same direction in which the bus was going, drove the bus to its left across the center line of the highway, there was not sufficient distance between the bus and the car of plaintiff which was going in the opposite direction. It was primarily on this allegation that plaintiff based his charge that the bus driver was negligent.
In their application for rehearing counsel for defendants point out much evidence, some by plaintiff and his witnesses, which showed that as a matter of fact when the bus driver turned to the other side of the road there was ample time for him to complete the maneuver, pass the car ahead and return to his proper side. For instance, we note the statement of plaintiff himself: "I think he had plenty time." We granted the rehearing because we felt that there was at least grave doubt as to the correctness of our finding on this all important question of fact.
In oral argument on rehearing counsel for plaintiff conceded that the evidence showed conclusively that when the passing was attempted by the bus driver there was ample distance between the bus and plaintiff's car.
Having conceded this, counsel state that plaintiff's allegation in this regard was made in error and that the real fault of the bus driver lay, not in attempting to pass the car ahead when there was not enough clear roadway but in remaining on the wrong side of the road for too long a time. When this argument was made counsel for defendant promptly objected to the change of issue, contending that the case had been tried below on the question of whether the attempt to pass the car ahead had been made when there was not sufficient space; that that was the charge of negligence made in the petition, and that there was no allegation setting forth this new and different charge of negligence. Counsel for plaintiff, admitting that the petition contained no charge which would permit of the introduction of evidence, and the consideration of evidence supporting this new contention that the bus had remained on the wrong side of the road for too long a time, contended that the evidence showed that when the accident occurred the bus was on its left or wrong side of the road and that therefore there was a presumption of negligence on the part of the bus driver. They based this argument on the asserted applicability of Rule 7(c) of Section 3 of Act No. 286 of 1938. This rule reads as follows: "The driver of a vehicle shall not drive to the left side of the center line of the highway in overtaking and passing another vehicle traveling in the same direction, unless such left side is clearly visible and free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in perfect safety; provided, that whenever an accident occurs under such circumstances, the responsibility therefor shall rest prima facie upon the driver of the vehicle doing the overtaking or passing." *Page 671 
Counsel assert that this rule is applicable and that because of it plaintiff was not under the necessity of pointing out and proving the negligent act which caused the accident; that there was a prima facie presumption of negligence and that the burden was thrown upon defendant to exculpate itself; that it should be required to prove itself free of all negligence whether alleged by plaintiff or not.
[1, 2] We first note that the prima facie presumption of negligence arises only when the attempt to pass is made when there is not "sufficient distance ahead to permit such overtaking and passing to be made in perfect safety." We have already stated that counsel concede that when the passing was attempted by the bus driver there was ample distance ahead for that purpose.
[3, 4] But conceding for the moment that the rule is applicable to the facts here, liability is not thereby fixed absolutely upon defendant for we cannot but view the action of plaintiff himself as constituting contributory negligence without which there would have been no accident. After denying all negligence on the part of the bus driver, there appears an alternative plea that the plaintiff, himself, was guilty of contributory negligence in several particulars, among which we find it charged that plaintiff was travelling at a fast and excessive rate of speed; that he failed to keep a proper lookout and that he failed to keep his car under proper control.
We point out in the first place that there was no contact between plaintiff's car and the bus nor between his car and anything else. His damage and his injury were caused solely by the turning over of his car, and we note that the car not only turned over but rolled over several times. We think it clear that a car which hits nothing and yet turns over and then rolls over must have been running at a fairly high speed. In fact plaintiff admits that he had been operating his car at 50 miles an hour and that when he returned to the shoulder of the road he had not reduced his speed to any appreciable extent.
There is a conflict of testimony over the question of whether the bus had returned to its proper side of the road and our reading of the record convinces us that either it had so returned, or at least was proceeding at an angle to its right or proper side. It is obvious then that only a second or so should have sufficed for it to have completely regained its correct position, and it follows too that had plaintiff checked his own speed so as to have retarded his car for only one or two seconds he could have remained on the paved portion of the road, and could have passed behind the bus in perfect safety. But he did not reduce his speed at all and this in spite of the fact that for a quarter of a mile the bus was approaching, according to his present claim, on his side of the right of way and directly towards him. He was not blinded by the headlights of the on-coming bus; he makes no such contention. In fact it was not yet dark, for although in his petition he alleges that darkness had set in, he and other witnesses say that the drivers of many automobiles which were on the highway had not yet found it necessary to turn on their lights.
We are of the opinion that even if there was negligence in the driver of the bus in remaining too long on the left side of the road, and the record does not make it clear to us that there was such negligence, the proximate cause of plaintiff's accident was his own carelessness in failing to do anything whatever to bring his car under control, although he had ample time to do so after it became obvious that danger, which was potential, might develop into a reality unless he should take steps to avert it. Because of his own negligence he cannot recover.
Our original decree is recalled and annulled and it is now ordered that the judgment appealed from be and it is annulled, avoided and reversed, and that there be judgment in favor of defendant dismissing plaintiff's suit at his cost.
Original decree recalled; judgment of trial court reversed.